# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### MONROE DIVISION

| | | |
|---|---|---|
| **FRANKLIN C. REDFEARN** | * | **CIVIL ACTION NO.  3:11-cv-0529** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **WARDEN, AVOYELLES CORRECTIONAL CENTER** | * | **MAG. JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

*Pro se* petitioner Franklin C. Redfearn filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 on April 1, 2011.  Doc. # 1.  Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections, and he is incarcerated at the Avoyelles Correctional Center in Cottonport, Louisiana.  Petitioner attacks 2008 convictions for sexual battery and aggravated incest and sentences totaling forty years imposed by Louisiana's Fourth Judicial District Court, Ouachita Parish.  This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.  For the following reasons, it is recommended that the petition be **DENIED** and **DISMISSED WITH PREJUDICE**.

## BACKGROUND

In his *habeas corpus* petition, petitioner raises the following three claims: 1) the evidence presented at trial was insufficient to support his conviction; 2) the sentence imposed by the trial court was unconstitutionally excessive; and 3) petitioner's convictions for sexual battery and aggravated incest violated the double-jeopardy prohibition against multiple punishments for the same offense.  *See* doc. # 1.

1

The underlying facts in this case have been set forth by the Louisiana Second Circuit

Court of Appeal:.

> After the Redfearn family returned home from a boat outing on a nearby lake,
> Redfearn asked his wife, Stacey, to prepare something to eat. Meanwhile, he and the
> three children went into the master bedroom to watch television. While she was
> preparing the meal, Stacey noticed that the house had become unusually quiet. She
> went to the master bedroom door, which was closed. When she opened the door, she
> saw her husband on top of their five-year-old daughter under the bed sheets. Redfearn
> immediately slipped off the girl and kept his back turned to the mother, as she pulled
> the top sheet off and discovered that both he and the child were naked. The child was
> on her back with her legs open. Redfearn left the room.
>
> Stacey asked her daughter what happened. The daughter mimicked the movement of
> sexual intercourse. One of their sons said that their father was doing something nasty.
>
> Stacey confronted the defendant in their living room; he claimed that nothing had
> occurred. After an argument, she left the home with the children and sought help
> from a family friend, who put her in touch with the authorities. A forensic
> interviewer subsequently interviewed the children. The child was also medically
> examined.

*State v. Redfearn*, 44,709 (La. App. 2 Cir. 9/23/09); 22 So. 3d 1078, 1082.

Petitioner was charged with aggravated rape and aggravated incest.  On August 15, 2008,

he was found guilty of the responsive verdict of sexual battery and guilty as charged to the

offense of aggravated incest.  On November 17, 2008, he was sentenced to concurrent terms of

forty years for sexual battery, including thirty years without benefits, and twenty-five years

without benefits for aggravated incest.  His motion for reconsideration of sentence was denied

and he appealed his convictions and sentences to the Second Circuit Court of Appeal, raising

claims of sufficiency of the evidence, excessiveness of sentence, and error in denying a jury

challenge.  The court discovered a potential double jeopardy issue and ordered the parties to

submit briefs on whether a double jeopardy violation had occurred.  On September 23, 2009, the

court of appeal affirmed the convictions and sentences finding that there was sufficient evidence

to support the convictions and that the sentences were not excessive.  The court refused to reach the merits of the jury challenge claim because that claim was abandoned; the court also determined that the petitioner's convictions did not violate the double jeopardy prohibition against multiple punishments for the same offense.  *See Redfearn*, 22 So. 3d 1078.

Petitioner timely applied for writs to the Louisiana Supreme Court, raising the same issues previously raised on appeal.  Doc. # 6-1, p. 2-15.  On April 9, 2010, the Supreme Court denied writs without comment.  Doc. # 1-2, p. 3;  *State of Louisiana v. Franklin C. Redfearn*, 2009-2206 (La. 4/9/10); 31 So. 3d 381.

Petitioner did not seek further direct review in the United States Supreme Court; nor did he file for post-conviction relief in the Louisiana courts.[1]  Instead, on April 1, 2011, he filed the instant petition for *habeas corpus* raising claims of sufficiency of the evidence, excessiveness of sentence, error in denying the jury challenge, and double jeopardy.  Doc. # 1.  In his amended petition he dismissed his jury challenge claim conceding that the claim was procedurally defaulted.  Doc. # 6, p. 1.

## LAW AND ANALYSIS

### I. Standard of Review

The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996, 28 U.S.C. § 2254, governs *habeas corpus* relief.  The AEDPA limits how a federal court may consider habeas claims. After the state courts have "adjudicated the merits" of an inmate's complaints, federal review "is limited to the record that was before the state court[.]" *Cullen v. Pinholster*, ⸺ U.S. ⸺, 131 S.

---

[1] At the time he filed his petition for *habeas corpus* in this court, petitioner had not filed a state court application for post-conviction relief.  He has now done so.  On July 13, 2011, the defendant filed his state post-conviction application raising essentially the same issues presented here.  *See* doc. # 10, p. 9-10.

Ct. 1388, 1398 (2011).  An inmate must show that the adjudication of the claim in state court:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

A decision is "contrary to" clearly established Federal law "if the state court arrives at a conclusion opposite to that reached by . . . [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." *Dowthitt v. Johnson*, 230 F.3d 733, 740-41 (5th Cir. 2000).  "The 'contrary to' requirement refers to holdings, as opposed to the dicta, of . . . [the Supreme Court's] decisions as of the time of the relevant state-court decision." *Id.* at 740.  Under the "unreasonable application" clause, a federal habeas court may grant the writ only if the state court "identifies the correct governing legal principle from . . . [the Supreme Court's] decisions but unreasonably applies the principle to the facts of the prisoner's case." *Id.* at 741.

Section 2254(d)(2) speaks to factual determinations made by the state courts.  Federal *habeas* courts presume such determinations to be correct; however, the petitioner can rebut this presumption by clear and convincing evidence.  28 U.S.C. § 2254(e).

## II. Petitioner's Claims

### A.     Insufficiency of the Evidence

In petitioner's first claim, he argues that the evidence presented at trial was insufficient to support his conviction for sexual battery and aggravated incest.  Doc. # 1-1, p. 2.  He asserts that there are "internal contradictions or irreconcilable conflicts" in the State's case, and that the only physical evidence supporting the verdicts were "minor abrasions of the victim's vagina area,

which could have been caused by a life jacket." *Id.* at p. 3.  Petitioner further claims that the

State's case rested entirely on the testimony of the victim's mother and brothers. *Id.*  Finally, he

contends that no medical examination was performed on the night of the incident, nor were the

authorities contacted. *Id.*

When a habeas petitioner asserts that the evidence presented to the court was insufficient

to support his conviction, the limited question before a federal habeas court is whether the state

appellate court's decision to reject that claim was an objectively unreasonable application of the

clearly established federal law set out in *Jackson v. Virginia*, 443 U.S. 307 (1979).  *Williams v.

Puckett*, 283 F.3d 272, 278-79 (5th Cir. 2002).  A conviction is based on sufficient evidence if,

"after viewing the evidence in the light most favorable to the prosecution, any rational trier of

fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*,

443 U.S. at 319.  The *Jackson* inquiry "does not focus on whether the trier of fact made the

correct guilt or innocence determination, but rather whether it made a rational decision to convict

or acquit." *Herrera v. Collins*, 506 U.S. 390, 402 (1993).  Thus, a conviction may rest on

sufficient evidence "even though the facts also support one or more reasonable hypotheses

consistent with the defendant's claim of innocence." *Gibson v. Collins*, 947 F.2d 780, 783 (5th

Cir. 1991).

The Louisiana appellate court invoked and applied the *Jackson* standard.  *State v.

Redfearn*, 44,709 (La. App. 2 Cir. 9/23/09); 22 So. 3d 1078, 1083.  The court then referenced the

definitions of sexual battery and aggravated incest under Louisiana law. *Id.* at 1083-84.  Sexual

battery is defined in Louisiana Revised Statute 14:43.1 as follows:

> A. Sexual battery is the intentional engaging in any of the following acts with another
> person where the offender acts without the consent of the victim, or where the act is
> consensual but the other person, who is not the spouse of the offender, has not yet
> attained fifteen years of age and is at least three years younger than the offender:

(1) The touching of the anus or genitals of the victim by the offender using any instrumentality or any part of the body of the offender; or

(2) The touching of the anus or genitals of the offender by the victim using any instrumentality or any part of the body of the victim.[2]

La. Rev. Stat. Ann. § 14:43.1 (2011).

The evidence introduced at trial supported a conviction for sexual battery.  The victim, who was five years old and not petitioner's spouse,  testified that petitioner touched her privates with his "weenie" and made her privates burn.  R., p. 663, 666.  The victim's brothers, C.G.R. and M.P.R., testified that they observed petitioner "wiggling" and moving "up and down" as he rubbed his private on the victim's private.  R., p. 696, 721.  Stacy Redfearn, petitioner's wife and the victim's mother, testified that when she came into the room she saw her naked husband on top of her naked five-year-old daughter who was laying on her back with her legs spread apart. R., p. 478-79.  Finally, the State's expert witness, Dr. Meade O'Boyle, testified that she examined the victim and found abrasions on the posterior part of her hymenal ring.  R., p. 801. According to Dr. O'Boyle, the victim's abrasions were consistent with an adult male's penis rubbing the area.  R., p. 811.

The Louisiana appeals court, applying the *Jackson* standard, found the evidence sufficient beyond a reasonable doubt  to support a conviction for sexual battery.  *Redfearn*, 22 So. 3d at 1086.  The undersigned cannot say that the state court's application of *Jackson* was objectively unreasonable in this regard.

---

[2] Louisiana Revised Statute 14:43.1 was amended by the legislature in 2011.  *See* 2011 La. Sess. Law Serv. Act 67 (West) (codified as amended at La. Rev. Stat. Ann. § 14:43.1 (2011)). As the Louisiana Second Circuit was concerned with the former version of the statute in this case, the undersigned has quoted that version.

Aggravated incest is defined in Louisiana Revised Statute 14:78.1, in pertinent part, as follows:

> A. Aggravated incest is the engaging in any prohibited act enumerated in Subsection B with a person who is under eighteen years of age and who is known to the offender to be related to the offender as any of the following biological, step, or adoptive relatives: child, grandchild of any degree, brother, sister, half-brother, half-sister, uncle, aunt, nephew, or niece.
>
> B. The following are prohibited acts under this Section:
> (1) Sexual intercourse, sexual battery, second degree sexual battery, carnal knowledge of a juvenile, indecent behavior with juveniles, pornography involving juveniles, molestation of a juvenile, crime against nature, cruelty to juveniles, parent enticing a child into prostitution, or any other involvement of a child in sexual activity constituting a crime under the laws of this state.
>
> (2) Any lewd fondling or touching of the person of either the child or the offender, done or submitted to with the intent to arouse or to satisfy the sexual desires of either the child, the offender, or both.

La. Rev. Stat. Ann. § 14:78.1 (2010).

The evidence presented also supported the aggravated incest conviction.  The victim's mother testified as to the biological parent-child relationship between the victim and petitioner; the testimony also established the victim's age at five years old.  R., p. 464.  Regarding the "prohibited act" requirement of the statute, the conviction appears to have been based on the prohibited acts of molestation of a juvenile or indecent behavior with a juvenile.  *See Redfearn*, 22 So. 3d at 1086.

Molestation of a juvenile requires the State to prove that: 1) defendant was over the age of seventeen; 2) the defendant committed a lewd or lascivious act upon the person or in the presence of a child under the age of seventeen; 3) the defendant was more than two years older than the victim; 4) the defendant had the specific intent to arouse or gratify either the child's sexual desires or his own sexual desires; and 5) the accused committed the lewd or lascivious act

by use of force, violence, threat of great bodily harm, or by the use of influence by virtue of a

position of control or supervision over the juvenile.  *Redfearn*, 22 So. 3d at 1086-87 (citing other

sources).

      Here, the state court found the evidence was sufficient to meet the elements of

molestation of a juvenile.  For purposes of molestation of a juvenile, a "lewd or lascivious act" is

one that tends to excite lust and to deprave morals with respect to sexual relations and which is

obscene, indecent, and related to sexual impurity or incontinence carried on in wanton manner.

*Redfearn*, 22 So. 3d at 1087 (citing other sources).  As noted by the state court, petitioner's

conduct easily fits this description.  The testimony established that the defendant climbed into

bed with his daughter and sons, all of whom were naked, and proceeded to masturbate.  *See* R., p.

692-95, 717-720.  Furthermore, the evidence showed petitioner did this with the specific intent to

gratify himself sexually, and that he used force and his position as the child's father to perpetrate

the lewd and lascivious acts against his daughter.  See R. 669.

      The state court of appeals also found the evidence sufficient to establish the elements of

the prohibited act of indecent behavior with a juvenile.  In order to convict a defendant of

indecent behavior with a juvenile, the State is required to prove that the defendant: (1) committed

any lewd or lascivious act; (2) upon the person or in the presence of; (3) any child under the age

of 17; (4) was over the age of 17 and more than 2 years older than the victim; and (5) had the

intention of arousing or gratifying the sexual desires of either person.  *See* La. R.S. 14:81(A).  As

pointed out by the state court, this crime is identical to molestation of a juvenile except for the

latter's coercion requirement.  For these reasons, the state court found the evidence sufficient

beyond a reasonable doubt to support a conviction of aggravated incest.  *Redfearn*, 22 So. 3d at

1087

The undersigned has reviewed the trial testimony and can find no "internal contradictions or irreconcilable conflicts" in the evidence, and none have been specifically indicated by petitioner.  Even in the light most favorable to petitioner, the evidence presented at trial established his guilt beyond a reasonable doubt.  Because the state court's application of *Jackson* to the convictions for sexual battery and aggravated incest was objectively reasonable, the undersigned recommends petitioner's claim of insufficiency of the evidence be **DENIED**.

### B.      Excessive Sentence

In his second claim, petitioner contends that the sentence imposed by the trial court is unconstitutionally excessive.  In particular, he argues that his total sentence of forty years at hard labor is a "needless imposition of pain and suffering."  Doc. # 1-1, p. 5.  He claims that it is "virtually a life sentence," and that the goals of punishment could be better accomplished with a less severe sentence.  *Id.*

Federal habeas courts must accord wide discretion to a state trial court's sentencing decision, and claims arising out of the decision are generally not constitutionally cognizable. *Haynes v. Butler*, 825 F.2d 921, 923 (5th Cir. 1987) (citations omitted).  However, relief may be required where the petitioner can show that his sentence exceeds or is outside the statutory limits, or is wholly unauthorized by law.  *Id*. at 923-24.  If a sentence is within the statutory limits, as here, the petitioner must show "that the sentencing decision was wholly devoid of discretion or amounted to an 'arbitrary or capricious abuse of discretion' . . . or that an error of law resulted in the improper exercise of the sentencer's discretion and thereby deprived the petitioner of his liberty."  *Id*. at 924 (citations omitted).

Petitioner was convicted of sexual battery and aggravated incest.  Under Louisiana

Revised Statute 14:43.1(C)(2), the penalty for committing the crime of sexual battery on a victim under the age of thirteen is as follows:

> (2) Whoever commits the crime of sexual battery on a victim under the age of thirteen years when the offender is seventeen years of age or older shall be punished by imprisonment at hard labor for not less than twenty-five years nor more than ninety-nine years. At least twenty-five years of the sentence imposed shall be served without benefit of parole, probation, or suspension of sentence.

La. Rev. Stat. Ann. § 14:43.1(C)(2) (2011).

Furthermore, under Louisiana Revised Statute 14:78.1(D)(2) the penalty for committing the crime of aggravated incest is as follows:

> (2) Whoever commits the crime of aggravated incest on a victim under the age of thirteen years when the offender is seventeen years of age or older shall be punished by imprisonment at hard labor for not less than twenty-five years nor more than ninety-nine years. At least twenty-five years of the sentence imposed shall be served without benefit of parole, probation, or suspension of sentence.

La. Rev. Stat. Ann. § 14:78.1(D)(2) (2011).

Thus, petitioner's sentences for forty and twenty-five years, respectively, are within the statutory limits for sexual battery and aggravated incest when committed on a victim under the age of thirteen.  In fact, they are less than half the maximum sentences allowed for these crimes. Further, the undersigned agrees with the state court that petitioner's crimes were especially heinous under all the circumstances.  For this reason, the sentencing decision by the trial court was not wholly devoid of discretion or an arbitrary or capricious abuse of discretion, and petitioner's second claim should be **DENIED**.

### C.    Double Jeopardy

In his final claim, petitioner argues that his convictions for both sexual battery and aggravated incest violated his rights under the Double Jeopardy Clause.  He essentially suggests that the conviction for sexual battery was the "prohibited act" for purposes of the aggravated

incest conviction.  Thus, he claims that he was punished twice for the same offense.  Doc. # 1-1, p. 6.

The Double Jeopardy Clause of the Fifth Amendment "protects against a second prosecution for the same offense after acquittal.  It protects against a second prosecution for the same offense after conviction.  And it protects against multiple punishments for the same offense."  *Austin v. Cain*, No. 10-30342, 2011 WL 4906108, at *6 (5th Cir. 2011) (citations omitted).  In *Blockburger v. United States*, 284 U.S. 299 (1932), the Supreme Court established the test for determining whether two statutes constitute the "same offense" for double jeopardy purposes.  The Court found that "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not."  *Blockburger*, 284 U.S. at 304.

In applying the *Blockburger* test, the Louisiana Second Circuit found that petitioner's convictions were for two separate offenses.  *Redfearn*, 22 So.3d at 1091.  The court found that:

> a conviction for sexual battery requires proof of an additional fact that aggravated incest/molestation of a juvenile does not, and vice versa. Sexual battery requires that the offender touch the victim on the anus or genitals or the victim touch the offender on the anus or genital. This element is not required for aggravated incest/molestation of a juvenile. Conversely, aggravated incest/molestation of a juvenile requires proof that the defendant had specific intent of arousing or gratifying the sexual desires of either person, an element not included in sexual battery. Accordingly, convictions for sexual battery and aggravated incest/molestation of a juvenile do not constitute double jeopardy under *Blockburger*.

*Id.*

Considering the deference to the state court required in this § 2254 review, the undersigned cannot find the state court's application of *Blockburger* objectively unreasonable.  Thus, it is recommended that petitioner's final claim be **DENIED**.

11

**III.     Evidentiary Hearing**

Under Rule 8(a) of the *habeas* Court Rules, "the judge must review the answer [and] any transcripts and records of state proceedings . . . to determine whether an evidentiary hearing is warranted."  Section 2254(e)(2) delineates the narrow circumstances under which an evidentiary hearing may be held in federal court:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that—
>
> (A) the claim relies on—
>
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for the constitutional error, no reasonable fact-finder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2).

The Supreme Court recently held that "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits."  *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011); *see also McCamey v. Epps*, No. 10–60224, 2011 WL 4445998, at *5 (5th Cir. Sept. 27, 2011) (holding that in light of *Pinholster*, the district court erred in allowing an evidentiary hearing; "the district court's review should have been . . . confined to the record in the state court").  Nevertheless, the Court explained in *Pinholster* that its ruling did not render § 2254(e)(2) superfluous.  "Section 2254(e)(2) continues to have force where § 2254(d)(1) does not bar federal habeas relief . . . . [Section] 2254(e)(2) still restricts the discretion of federal

habeas courts to consider new evidence when deciding claims that were not adjudicated on the merits in state court." *Pinholster*, 131 S. Ct. at 1401.

Petitioner's claims were all adjudicated on the merits in state court. Thus, an evidentiary hearing is unavailable, as the undersigned's review under § 2254(d)(1) is limited to the record before the state court.

**CONCLUSION AND RECOMMENDATION**

For the reasons stated above, it is recommended that the petitioner's petition for writ of habeas corpus (doc. # 1) under 28 U.S.C. § 2254 be **DENIED and DISMISSED with prejudice**.  Under the provisions of 28 U.S.C. § 636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final

order adverse to the applicant.  Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals.  **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.**  See 28 U.S.C. § 2253(c)(2).  **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 7th day of November, 2011.


KAREN L. HAYES
U. S. MAGISTRATE JUDGE